UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH THOMAS FRENGEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCLAREN AUTOMOTIVE, INC., et al. <br><br> Defendants. | Case No.: 22cv0664 W (RBB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 12]** |

Defendant O'Gara Coach Company, LLC dba McClaren Beverly Hills, moves to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) and 9(b).  Plaintiffs Ralph Thomas Frengel and Ralph Frengel oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1).  For the reasons that follow, the Court **GRANTS** Defendant's motion [Doc. 12] **WITH LEAVE TO AMEND** for the sixth and seventh causes of action, and **WITHOUT LEAVE TO AMEND** for the eighth cause of action.

**I.   BACKGROUND**

Plaintiffs Ralph Thomas Frengel and Ralph Frengel (the "Frengels") leased a 2020 McLaren 600LT.  (*FAC* ¶ 6.)  The vehicle included an express written warranty in which Defendant McLaren Automotive Inc. ("McLaren") "undertook to preserve or maintain

1

the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." (*Id.* ¶ 7.)

The Frengels allege that during the warranty period, the vehicle developed nonconformities to warranty, including "complete engine failure, activation of the check engine warning light (CEL), engine/timing camshaft failure, drivability concerns, loss of oil/excessive oil consumption." (*FAC* ¶ 8.) The Frengels state that they "presented the Vehicle to Defendant McLaren's representative in this state." (*Id.* ¶ 16.) The Frengels further allege that McLaren and its representatives were "unable to and refused to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities" and "failed to promptly replace the Vehicle or make restitution to Plaintiffs." (*Id.* ¶ 9.)

On March 8, 2022, the Frengels filed this lawsuit against McLaren in the San Diego Superior Court. (*See Compl.* [Doc. 1-2].[1]) On May 11, 2022, McLaren removed the case to this Court. (*See Notice of Removal*.) On June 6, 2022, the Frengels filed the FAC, which also names Defendant O'Gara Coach Company, LLC and McLaren Beverly Hills[2] as defendants, and asserts eight causes of action for: (1) Violation of California Civil Code § 1793.2 (D); (2) Violation of California Civil Code § 1793.2(B); (3) Breach of the Express Warranty; (4) Breach of the Implied Warranty of Merchantability; (5) Violation of the Magnusson-Moss Warranty Act; (6) Fraud— Intentional or Negligent Misrepresentation; (7) Violation of Business & Professions Code § 17200, California's Unfair Competition Law (the "UCL"); and (8) Revocation of Acceptance Under the Commercial Code. (*See FAC*.)

O'Gara Coach Company, LLC dba McLaren Beverly Hills ("O'Gara") now seeks to dismiss each of the causes of action filed against it— the sixth, seventh, and eighth. (*Notice of MTD* [Doc. 12].) The Frengles oppose the motion. (*See Opp'n* 15.)

---

[1] The Complaint is attached as exhibit A [Doc. 1-2] to the Notice of Removal [Doc. 1].
[2] The Frengels allege Defendant McLaren Beverly Hills is O'Gara's trade name. (*FAC* ¶ 4.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Additionally, in evaluating the motion, the court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002).

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. ANALYSIS

### A. Fraud–Intentional or Negligent Misrepresentation

O'Gara argues the Frengels failed to adequately plead the allegations of fraud because they fail to state "the who, what, where, when, and how required for such pleadings." (*MTD* [Doc. 12] 3:11–13, 6:10–11.) The Court agrees.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. § 9(b). Plaintiffs alleging fraud must include facts "specific enough to give defendants notice of the particular conduct… so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). Allegations of fraudulent conduct "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 672 (9th Cir. 1997)). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).

In the FAC, the Frengels allege "Defendants knowingly and intentionally, or recklessly and without regard for the truth, represented to Plaintiffs that the Vehicle was broken and required permanent repair at lease end/least [sic] termination." (*FAC* ¶ 40). The Frengels state nothing else regarding the alleged misrepresentation. They do not identify who made the misrepresentation or when they made it. Most problematic, the FAC does not identify the alleged false statement or explain how the statement was false. In fact, the FAC appears to contradict the allegation of a misrepresentation when it details the extent to which the car was indeed "broken" and required repair: "complete engine failure, activation of the check engine warning light (CEL), engine/timing camshaft failure, drivability concerns, loss of oil/excessive oil consumption." (*FAC* ¶ 8). For these reasons, the Court finds the Frengels have failed to plead a fraud cause of action.

### B.  Violation of the UCL, Business & Professions Code § 17200

The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  Because section 17200 is written in the disjunctive, it establishes three varieties

of unfair competition: acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 973 P.2d 527, 540 (Cal. 1999).

"An action based on Business and Professions Code § 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under § 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Superior Court, 826 P.2d 730, 734 (Cal. 1992). "Violation of almost any federal, state, or local law may serve as the basis for a [UCL] claim." Plascencia v. Lending 1st Mortg., 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing Saunders v. Superior Court, 33 Cal.Rptr.2d 438, 440-41 (Cal. Ct. App. 1994)).

O'Gara argues that the Frengels have failed to state a cause of action for violation of California's UCL. The Court agrees.

The Frengels fail to specify the basis for the UCL claim in the FAC. However, the Frengels' Opposition clarifies that the claim is based on O'Gara's alleged fraud. (*See Opp.* 7:14–15). Because this Court has found the FAC fails to state a fraud claim against O'Gara, the FAC also fails to state a UCL cause of action.

### C.     Revocation of Acceptance

O'Gara argues the Frengels' cause of action for revocation of acceptance fails because O'Gara did not sell the vehicle to the Frengels. (*See MTD* 10:1–2). O'Gara states that "Plaintiffs purchased the Subject Vehicle from McLaren Charlotte—a McLaren dealer which is located and doing business in **North Carolina**." (*MTD* 9:24–26) (emphasis in original). The Frengels did not respond to O'Gara's arguments.

Local Rule 7.1.f.3 (b) states that an opposition must contain a "brief and complete statement of all reasons in opposition to the position taken by the movant" and subdivision (c) states that "…failure may constitute a consent to the granting of a motion." Because the Frengels failed to address O'Gara's arguments regarding the eighth cause of action for revocation, the Court finds the Frengels have conceded the issue. See

Civ. Local R. 7.1.f.3 (b)–(c). Therefore, the Court dismisses the eighth cause of action without leave to amend.[2]

### D. Leave to Amend

O'Gara argues leave to amend should not be granted because the Frengels cannot overcome the fact there is no actionable claim against O'Gara." (*MTD* 11:21–22).

"If a court determines that a complaint should be dismissed, it should give leave to amend unless 'the pleading could not possibly be cured by the allegation of other facts.'" Bailey v. Rite Aid Corp., 2019 WL 4260394, *3 (N.D. Cal. Sept. 9, 2019) (quoting Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990)).

O'Gara's motion represents the Court's first review of the Frengel's pleading. Additionally, although the FAC's fraud allegation is currently inconsistent with other allegations in the FAC, those allegations do not conclusively establish that leave to amend would be futile. Accordingly, the Court will grant leave to amend the fraud and UCL causes of actions.

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** O'Gara's motion to dismiss [Doc. 12] **WITH LEAVE TO AMEND** as to the sixth and seventh causes of action and **WITHOUT LEAVE TO AMEND** as to the eighth cause of action.

**IT IS SO ORDERED.**

Dated: September 2, 2022

*/s/ Hon. Thomas J. Whelan*
Hon. Thomas J. Whelan
United States District Judge

---

[2] Unlike the 6th and 7th causes of action, the revocation cause of action does not identify which defendants are targets and thus it is not clear it is asserted against O'Gara. (*See FAC* ¶¶ 51–56.)