UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH THOMAS FRENGEL and RALPH FRENGEL,<br><br>Plaintiffs,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., et al.<br><br>Defendants. | Case No.: 3:22-cv-0664 W (RBB)<br><br>**ORDER GRANTING O'GARA's MOTION TO DISMISS [DOC. 24] AND MCLAREN AUTOMOTIVE, INC.'S MOTION TO DISMISS [DOC. 25]** |

    Defendant O'Gara Coach Company, LLC dba McClaren Beverly Hills ("O'Gara") and McLaren Automotive Inc. ("McLaren") separately move to dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6)[1] and 9(b). Plaintiffs Ralph Thomas Frengel and Ralph Frengel oppose.

    The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **GRANTS** O'Gara's Motion to Dismiss [Doc. 24] in its entirety **WITHOUT LEAVE TO AMEND** and **GRANTS** McLaren Automotive, Inc.'s Motion to Dismiss [Doc. 25] **WITH LEAVE**

---

[1] McLaren also moves to dismiss the SAC alternatively under Federal Rule of Civil Procedure 12(c).

1

**TO AMEND** the first, second, third, fourth, fifth, and seventh causes of action, but **WITHOUT LEAVE TO AMEND** the sixth and eighth causes of action.

## I. FACTUAL BACKGROUND

This case arises out of the lease of a 2020 McLaren 600LT (VIN SBM13SAA7LW007664) (the "Vehicle"). Plaintiffs Ralph Thomas Frengel and Ralph Frengel (the "Frengels") leased the Vehicle from McLaren. (*SAC* ¶ 6.) The vehicle included an express written warranty in which Defendant McLaren "undertook to preserve or McLaren the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." (*Id.* ¶ 7.)

The Frengels allege that during the warranty period, the vehicle developed nonconformities to warranty, including "complete engine failure, activation of the check engine warning light (CEL), engine/timing camshaft failure, drivability concerns, loss of oil/excessive oil consumption." (*FAC* ¶ 8.) The Frengels "presented the Vehicle to Defendant McLaren's representative in this state." (*Id.* ¶ 16.) McLaren and its representatives were "unable to and refused to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities" and "failed to promptly replace the Vehicle or make restitution to Plaintiffs." (*Id.* ¶ 9.)

## II. PROCEDURAL BACKGROUND

On June 6, 2022, the Frengels filed the First Amended Complaint ("FAC"), which named McLaren, O'Gara, and McLaren Beverly Hills[2] as defendants, asserting eight causes of action for: (1) Violation of California Civil Code § 1793.2 (D); (2) Violation of California Civil Code § 1793.2(B); (3) Breach of the Express Warranty; (4) Breach of the

---

[2] The Frengels allege Defendant McLaren Beverly Hills is O'Gara's trade name. (*SAC* ¶ 4.)

Implied Warranty of Merchantability; (5) Violation of the Magnusson-Moss Warranty Act; (6) Fraud— Intentional or Negligent Misrepresentation; (7) Violation of Business & Professions Code § 17200, California's Unfair Competition Law (the "UCL"); and (8) Revocation of Acceptance Under the Commercial Code.  (*See FAC*.)

O'Gara filed a motion to dismiss the FAC [Doc. 12], which the Court granted with leave to amend the sixth and seventh causes of action, but without leave to amend the eighth cause of action. (*See September 2, 2022 Order* [Doc. 18].)  Plaintiff thereafter filed the SAC amending the sixth cause of action but not the seventh or eighth cause of action. (*See Supplement to SAC, Redlined Version of SAC*.)

O'Gara and McLaren now both move to dismiss the SAC. The Frengels oppose the motions.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Additionally, in evaluating the motion, the court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. ANALYSIS

#### A. Song-Beverly Act Claims

The Frengels' first, second, third, and fourth causes of action are each brought under California's Song-Beverly Act. *See* CAL. CIV. CODE §§ 1790-1795.8.

To state a claim under the Song-Beverly Act, a plaintiff must allege that the good was sold in California. CAL. CIV. CODE § 1793.2 ("Every manufacturer of consumer goods sold *in this state* . . .") (emphasis added); *see also Galicia v. Country Coach, Inc.*, 324 F. App'x 687, 688 (9th Cir. 2009) (holding that the plaintiff's Song-Beverly claim "could proceed only if" the good was sold in California). In California, a "sale" occurs at the time title to the goods passes from the seller to the buyer. CAL. CIV. CODE § 1791(n). Unless otherwise explicitly agreed, "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods[.]" CAL. COM. CODE § 2401(2); *see California State Elecs. Assn. v. Zeos Internat. Ltd.*, 41 Cal. App. 4th 1270, 1276 (1996) ("Section 2401 of the California Uniform Commercial Code governs when and where title passes between seller and buyer.").[2]

If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at a specific destination, title passes to the buyer at

---

[2] Since the Song-Beverly Act supplements the California Uniform Commercial Code ("UCC") rather than superseding it, UCC provisions governing sales may properly be applied in the interpretation of Song-Beverly Act provisions unless there is a conflict between them. Cal. Civ. Code § 1790.3.

the time and pace of shipment. CAL. COM. CODE § 2401(2)(a). This type of contract is a "shipment contract." On the other hand, if the contract requires delivery at a specific destination, title passes on tender at the destination. *Id.* This type of contract is a "delivery" or "destination contract." The presumptive form of contract in California is the shipment contract. CAL. COM. CODE § 2503, official cmt. 5; *see also Gaynor v. W. Recreational Vehicles, Inc.*, 473 F. Supp. 2d 1060, 1062 (C.D. Cal. 2007).

The Frengels allege that the "Vehicle was purchased and delivered to Plaintiffs in the State of California[.]" (*SAC* ¶ 6.) The Frengels buttress this allegation with a declaration which states that the "agreement my father and I with the leasing dealership at the time of lease required McLaren Charlotte to deliver the Vehicle to the place of purchase: 394 poplar Street, Laguna Beach, CA 92651." (Frengel Decl. [Doc. 26-1], ¶ 4.) McLaren argues the Court should not accept these allegations as true because the lease agreement between the Frengels and McLaren (Exhibit A to Gibson Decl., [Doc 25-2]) (the "Lease Agreement") contradicts the Frengels' allegations.

The Court does not accept as true allegations contradicted by documents attached to or referred to in the complaint and is not required to turn a blind eye to documents that qualify under the doctrine of incorporation-by-reference. "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document can be treated as part of the complaint itself "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

The Court finds that the Lease Agreement can be incorporated by reference and treated as part of the SAC because the Frengels refer extensively to the document and the document forms the basis of the claims in this case. The Frengels allege that they "purchased/leased" the Vehicle. Each of the claims brought under the Song-Beverly Act is based on the lease of the Vehicle, which was memorialized by the Lease Agreement. And the SAC refers extensively to the "express written warranty" and the "implied

warranty," which are both creatures of the Lease Agreement. (*See, e.g.*, SAC ¶¶ 7, 25, 26, 28, 32, 33.)

Taking into consideration the allegations in the SAC and the Lease Agreement, the Court finds that the Frengels have not stated a claim under the Song-Beverly Act for the first, second, third, or fourth causes of action. Though the Frengels allege that the "Vehicle was purchased and delivered to Plaintiffs in the State of California" (*SAC* ¶ 6), this fact is not dispositive of whether the Vehicle was "sold" in California for purposes of the Song-Beverly Act. Under CAL. COM. CODE § 2401(2), the Frengels must allege that title passed from McLaren Charlotte to them in California. They do not do so.

The Frengels contend that that the "agreement my father and I with (sic) the leasing dealership at the time of lease required McLaren Charlotte to deliver the Vehicle to the place of purchase: 394 poplar Street, Laguna Beach, CA 92651." (Frengel Decl. [Doc. 26-1], ¶ 4.) But this statement is contradicted by the Lease Agreement, which does not require Charlotte McLaren to deliver the Vehicle in California and says nothing about shipment or delivery of the Vehicle. And the existence of such an agreement is at odds with the Lease Agreement, which states, "THIS IS THE ENTIRE AGREEMENT."

All of this establishes that the Lease Agreement is a shipment contract. CAL. COM. CODE § 2503, official cmt. 5. As a result of the shipment contract, McLaren Charlotte passed title to the Frengels at the time and place of shipment. CAL. COM. CODE § 2401(2)(a). The Frengels do not allege any facts as to the time or place of shipment of the Vehicle. The Frengels do allege (and McLaren agrees) that McLaren Charlotte is located in Charlotte, North Carolina, but neither the SAC nor the Lease Agreement say anything about when or where the Vehicle was shipped. The Frengels failure to allege facts that show that title passed to them in California is fatal to their Song-Beverly Act Claims.

Accordingly, the Court **GRANTS** McLaren's motion to dismiss the first, second, third, and fourth causes of action and **DISMISSES** those claims **WITH LEAVE TO AMEND**.

### B.  Magnuson-Moss Warranty Act Claim

The Frengels' fifth cause of action is for violation of the Magnuson-Moss Warranty Act. (*SAC* ¶¶ 29-38.) McLaren argues that this claim should be dismissed because it is dependent on the Frengels' claims for breach of express and implied warranty under the Song-Beverly Act. (*McLaren Mot.* at 10-11.)

Claims "under the Magnuson–Moss Act stand or fall with his express and implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Since the Frengels' state law warranty claims fail to state a claim under the Song-Beverly Act, the Court **DISMISSES** the fifth cause of action for the same reasons, **WITH LEAVE TO AMEND**.[3]

### C.  Fraud–Intentional or Negligent Misrepresentation

The Frengels sixth cause of action is for intentional or negligent misrepresentation and is brought against both O'Gara and McLaren. Both O'Gara and McLaren move to dismiss this cause of action for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (*See O'Gara Mot.* at 6-9; *McLaren Mot.* at 5-8.)

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. § 9(b). Plaintiffs alleging fraud must include facts "specific enough to give defendants notice of the particular conduct… so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Allegations of fraudulent conduct "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)

---

[3] In their opposition papers, the Frengels did not respond to McLaren's arguments on the fifth cause of action. Local Rule 7.1.f.3 (b) states that an opposition must contain a "brief and complete statement of all reasons in opposition to the position taken by the movant" and subdivision (c) states that "…failure may constitute a consent to the granting of a motion." The Court urges the Frengels to abide by this rule and advises that failure to do so in the future will result in dismissal with prejudice.

(quoting *Cooper v. Pickett*, 137 F.3d 616, 672 (9th Cir. 1997)).  "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994).

Here, the Frengels allege "Defendants knowingly and intentionally, or recklessly and without regard for the truth, represented to Plaintiffs that the Vehicle was broken and required permanent repair at lease end/least [sic] termination – on or about April 3, 2022." (*FAC* ¶ 40).  They allege that "Defendants O'Gara and/or McLaren Beverly Hills, by and through its representatives, whose names will be revealed through discovery, to include Brad Koulback, at McLaren of Beverly Hills, informed Plaintiff that it refused to repair the Vehicle under Defendant McLaren's warranty, instead requiring Plaintiffs pay no less than $20,000- $30,000 to repair the Vehicle. The statement by Defendants' representatives that the Vehicle could not be repaired under warranty was false. Defendants misrepresented to Plaintiffs that Plaintiffs would be required to repair the Vehicle themselves without warranty coverage." (*Id.*)

These allegations fail to state a claim for fraud because they do not explain how the statement was false. *See Vess*, 317 F.3d at 1097.  The Frengels allege that "the statement by Defendants' representatives that the Vehicle could not be repaired under warranty was false" but—just as they failed to do in the FAC—do not explain *how* this statement was false; merely adding a sentence saying this statement was false does not explain what is false or misleading about the statement, i.e., how or why it was untrue under the warranty.  Moreover, the Frengels contradict the allegation that this statement was false with the allegations that the Vehicle was indeed "broken" (*SAC* ¶ 40) and required repair: "complete engine failure, activation of the check engine warning light (CEL), engine/timing camshaft failure, drivability concerns, loss of oil/excessive oil consumption." (*SAC* ¶ 8.)

Additionally, the fraud cause of action against McLaren does not contain any facts showing that Defendant McLaren made any false or misleading statement to the Frengels.

The only specific mention of McLaren in the Frengels' allegations regarding the fraud cause of action is a reference to "Defendant McLaren's warranty." (*Id.*)  This allegation is plainly not a statement by McLaren and cannot serve as the basis for adequately stating a claim for fraud.  The Frengels broad reference to "Defendants" without specifying who made the statement is not enough to meet the particularity requirements under Rule 9(b).

The Frengels argue that the Court should grant leave to amend if this cause of action is dismissed.  "If a court determines that a complaint should be dismissed, it should give leave to amend unless 'the pleading could not possibly be cured by the allegation of other facts.'"  *Bailey v. Rite Aid Corp.*, 2019 WL 4260394, *3 (N.D. Cal. Sept. 9, 2019) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  The Court may deny leave to amend "when any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *see also Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.), cert. denied, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983).

Here, it would be futile to permit the Frengels to amend this cause of action.  The Frengels have now had five opportunities to allege or explain the fraud they allege occurred: (1) the original complaint, (2) the FAC, (3) Plaintiffs' Opposition to O'Gara's Motion to Dismiss the FAC, (4) the SAC, and (5) Plaintiffs' oppositions to the motions to dismiss the SAC.  At each opportunity, the Frengels have failed provide the requisite particularity under Rule 9(b).  Specifically, the Frengels have repeatedly failed to explain how the alleged statements were false or misleading.  *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) ("Particularity includes " 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false[.] Knowledge, however, may be pled generally.") The Court's prior order on O'Gara's Motion to Dismiss the FAC [Doc. 18] specifically pointed out the deficiencies in the Frengels' fraud allegations and still the Frengels failed to cure them.  Additionally, the Frengels failed to correct the correct the inconsistency

between their allegations of fraud and the other allegations in the SAC as to the extent of the damage to the Vehicle. (*See SAC* ¶¶ 8, 40.) This failure illustrates that the amendments in the SAC to this cause of action were futile and demonstrates that any further amendments would be futile as well.

Accordingly, the Court **DISMISSES** the sixth cause of action **WITHOUT LEAVE TO AMEND**.

### D. Violation of the UCL, Business & Professions Code § 17200

The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition: acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999).

"An action based on Business and Professions Code § 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under § 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 826 P.2d 730, 734 (Cal. 1992). "Violation of almost any federal, state, or local law may serve as the basis for a [UCL] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Court*, 33 Cal.Rptr.2d 438, 440-41 (Cal. Ct. App. 1994)).

O'Gara and McLaren argue that the Frengels have failed to state a cause of action for violation of California's UCL. The Court agrees.

The Frengels fail to specify the basis for the UCL claim in the SAC, but the Frengels' pleadings clarify that the claim is based on O'Gara's alleged fraud and McLaren's alleged violation of the Song-Beverly Act. (*See Opp. to McLaren Mot.* at 9.) Because this Court has found the SAC fails to state a cause of action for fraud and fails to state a claim under the Song-Beverly Act, the SAC also fails to state a UCL cause of action. As to McLaren, the Frengels UCL claim (seventh cause of action) is

**DISMISSED WITH LEAVE TO AMEND**.  However, since this claim as to O'Gara is based on the fraud cause of action and that cause of action is dismissed with prejudice, the Court **DISMISSES** this claim as to O'Gara **WITHOUT LEAVE TO AMEND**.

### E.  Revocation of Acceptance

The Court dismissed the Frengels eighth cause of action for revocation of acceptance without leave to amend.  (*See September 2, 2022 Order* at 5-6.)  This claim is therefore improperly asserted and should have been omitted from the SAC.

## V.  CONCLUSION & ORDER

For the foregoing reasons, the Court orders as follows:

1. O'Gara's Motion to Dismiss [Doc. 24] is **GRANTED** in its entirety **WITHOUT LEAVE TO AMEND**;
2. McLaren's Motion to Dismiss [Doc. 25] is **GRANTED WITH LEAVE TO AMEND** the first, second, third, fourth, fifth, and seventh causes of action, but **WITHOUT LEAVE TO AMEND** the sixth and eighth causes of action.

**IT IS SO ORDERED.**

Dated:  December 7, 2022

_____
Hon. Thomas J. Whelan
United States District Judge